IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JEFFREY SCOTT WEBSTER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:09-2945-CMC -JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| MARY MITCHELL, Warden ) | |
| Edgefield Satellite Prison Camp, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Jeffrey Scott Webster ("Webster"), is an inmate at the Edgefield Satellite Prison Camp serving a sentence of sixty-four months for a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On November 12, 2009, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") decision not to assign him to a Residential Reentry Center ("RRC"), previously named a Community Corrections Center ("CCC"), twelve months prior to his release date. Respondent filed a motion for summary judgment on February 10, 2010. Because Webster is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on February 11, 2010 advising him of his responsibility to respond to the motion for summary judgment. Webster filed his response to Respondent's motion on March 1, 2010. Pretrial matters in this case were referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(c) and (e), D.S.C.

The record shows that Webster arrived at the Edgefield institution on April 14, 2009. In May 2009, Webster submitted an "Informal Resolution Form" whereby he requested "a transfer to

community confinement" for the final twelve months of his sentence. At the initial level of review BOP determined that the request was premature and advised Webster that he would be considered for RRC seventeen to nineteen months prior to his projected release date in June of 2011. Webster appealed to the Warden who advised him that he could renew his request for a twelve month RRC placement at his Program Review in October of 2009. The Warden further advised Webster that his "review will be based on the (5) five factors under the 3621(b) Second Chance Act and [his] transitional needs."

Webster then appealed to the regional administrator. In that appeal, dated July 6, 2009, he stated:

> I incorporate my Informal Resolution Form request in it's entirety. I am requesting that my evaluation that according to the Warden will be done in October 2009 be done in accordance with 18 U.S.C. § 3621 and without regard of the April 14, 2008 memorandum from the General Counsel. The April 14, 2008, Memorandum is inconsistent with the Second Chance Act's amendments to 18 U.S.C. § 3624(c). The April 14, 2008 Memorandum impermissibly constrains staff's discretion to designate prisoners to a CCC for a duration that will provide the greatest likelihood of successful reintegration into the community, contrary to § 3624(c)(6)(C).
>
> Additionally, I believe my program needs would be better served in a CCC instead of an institution.

The Regional Administrator denied the appeal and advised Webster that his request would be considered at the October review and would be based on the statutory factors in 18 U.S.C. § 3621(b). Webster then appealed to the Administrator of National Inmate Appeals. On December 8, 2009, the National Administrator advised Webster that at the October review, staff had correctly determined that pursuant to 18 U.S.C. § 3621(b) he would be placed in RRC ninety to one hundred twenty days prior to release.

In his present petition Webster asks this Court to:

1. Determine that Petitioner is eligible for twelve (12) months of Community Confinement Center (CCC) placement pursuant to 18 U.S.C. § 3624(c).

2. Determine that the Respondent is abusing her discretion in determining that federal prisoner's placement in CCC, would be for six (6) months or less, where six (6) month placement, pursuant to Bureau of Prisons (BOP) memoranda which constrained staff's discretion to designate prisoners to a CCC for a duration that would provide the greatest likelihood of successful reintegration into the community, was contrary to section of the Second Chance Act which limited BOP's discretion in determining placement duration by requiring that each placement be of "sufficient duration to provide the greatest likelihood of successful reintegration into the community.

Respondent concedes that Webster has properly exhausted his claims.

## **Discussion**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the

3

non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. Anderson, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

Pursuant to the statutory scheme set forth by Congress, BOP takes custody of federal offenders who have been sentenced to serve a term of federal incarceration. RRC assignments are governed by 18 U.S.C. § 3624(c)(1), which provides that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a

reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the
community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The statute was amended by the "Second Chance Act of 2007" effective April 9, 2008. Such offenders are designated to places of imprisonment after consideration of the five factors set out in 18 U.S.C. § 3621(b). These factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The amendment of 18 U.S.C. § 3624(c)(1) required BOP to issue new regulations designed to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). BOP adopted a set of interim rules, which became effective October 21, 2008. See 28 C. F.R. §§ 570.20-.22. Both the statute and the rules direct the BOP to determine "on an individual basis" how much time, if any, each federal prisoner should spend at an RRC. The statute and the rules set a maximum amount of

5

time that a prisoner can spend at an RRC, not more than 12 months, but they do not set any minimum amount of time that a prisoner must spend at an RRC. *See* 28 C.F.R. § 570.21. Additionally, BOP issued a memorandum after the passage of the Second Chance Act noting that prisoners are now eligible for up to 12 months in a halfway house, but that the Warden must obtain the Regional Director's approval for RRC placements of greater than six months because the BOP's "experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less" (Memorandum For Chief Executive Officers, "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007," BOP, U.S. Department of Justice (Apr. 14, 2008) (Petition, Ex. 1, p. 4) ).

Webster alleges in his petition that the Memo is inconsistent with the Second Chance Act as it "impermissibly constrains staff's discretion to designate inmates to an RRC for duration that will provide the greatest likelihood of successful reintegration into the community." He further alleges that the respondent abused her discretion in recommending his placement in an RRC for less than 12 months.

The record shows that Webster's Unit Team properly considered his case and assessed the five factors contained in 18 U.S.C. § 3621(b) on October 23, 2009. At that time, the Unit Team found that Webster was properly placed since the sentencing judge had recommended a 500 Hour Drug Abuse Program which Webster had declined to take. Since the program was offered at the Edgefield institution, the Unit Team found that "Mr. Webster is currently housed in a facility commensurate with his security level and program needs." (Res.Mem., Ex. D).

On February 4, 2010, the Unit Team again individually considered Webster's placement. After assessing the five statutory factors, the Unit Team recommended "3-4 months RRC placement"

because "this amount of RRC placement time...is sufficient for his transitional needs." (Res.Mem., Ex. E).

The undersigned concludes that Webster has not shown that BOP violated 18 U.S.C. § 3621 or its polices in determining his RRC placement. Webster's argument that the BOP memorandum (Petition, Ex. 1) limited the staff's discretion in violation of the Second Chance Act is without merit because Webster received an individual assessment pursuant to 18 U.S.C. 3621(b). *See* Garrison v. Stansbury, 2009 WL 1160115, *4 n. 3 (E.D.Va.).

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

May 10, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).