IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jeffery Scott Webster, #23455-057, ) | C/A NO. 3:09-2945-CMC-JRM |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| Mary Mitchell, Warden Edgefield ) Satellite Prison Camp, ) | |
| Respondent. ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On May 10, 2010, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on May 25, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner maintains that the Report contains factual and legal errors. However, Petitioner's recitation of "factual and legal errors" is his disagreement with Report's finding that he received an adequate individualized assessment of the need and timing of potential placement in a Residential Reentry Center (RRC), and that the Bureau of Prisons (BOP) memorandum of April 14, 2008, does not impermissibly limit BOP's discretion. *See* Report at 7 (Dkt. # 9, filed May 10, 2010).

While Petitioner disagrees with the outcome, there is no doubt that Petitioner received an individualized assessment of the need for and timing of potential RRC placement using the factors contained in § 3621(b). Additionally, the April 18, 2008, BOP memorandum (as codified in 28 C.F.R. §§ 570.20 -- .22) is not an impermissible limitation on BOP discretion authorized under the Second Chance Act of 2007. *See Groomes v. Warden*, 2010 WL 738306 at *8 (D.S.C. 2010) (slip opinion) (citing *Garrison v. Stansbury*, 2009 WL 1160115 (E.D. Va. 2009) for proposition that Petitioner cannot succeed on merits of argument relating to constraint of discretion when he has received individualized assessment).

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                                  s/ Cameron McGowan Currie
                                                                  CAMERON McGOWAN CURRIE
                                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 24, 2010

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\09-2945 Webster v. Mitchell adopt rr gr sumjgm.wpd